**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHACKLES D. CLARK, # 126053671,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:16-CV-2087-D-BH** |
| | ) | |
| **JOHNSON COUNTY JAIL,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED** with prejudice.

**I.  BACKGROUND**

Shackles D. Clark (Plaintiff) initially filed this civil rights action under 42 U.S.C. § 1983 against the Johnson County Law Enforcement Center, alleging denial of medical care for his mental health problems and denial of access to the courts based on the lack of a law library. (doc. 3 at 1-3.)[1]  He later also named Officer Milam as a defendant, claiming that when she delivered his legal mail to him, it had been opened.  (doc. 9 at 3-4.)  He then amended his complaint to specifically name Nurse S. East and Nurse Fuller as defendants based on their failure to have him seen by a psychiatrist despite his repeated requests, but he later stated that he was not seeking to sue Nurse Fuller.  (doc. 10 at 3-4; doc. 13 at 3-5.)  Plaintiff disagrees with the type and frequency of medical treatment that he received for his depression.  (doc. 11 at 1.)[2]  His medical requests show that jail personnel sought more information from him about his medical

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  Plaintiff's answers to questionnaires constitute amendments to his complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

needs, requested  his medical records from his prior treatment provider, had his medical chart and medications reviewed, and scheduled an appointment for him with a doctor. (*Id.* at 9, 11-15.) He also contends that although he was represented by appointed counsel in the criminal case for which he was being detained, he didn't feel that his attorney was properly representing him, and he needed a law library for legal research in order to defend himself.  (*Id.* at 4-5, 16.)  No process has been issued.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as constitutional norms."  *Id.*  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.    Non-jural Entity

Plaintiff sues the Johnson County Law Enforcement Center.  A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  *Id.* at 313.  The Johnson County Law Enforcement Center is a not jural entity subject to suit.  *See Metcalf v. De Los Santos*, No. 3:12-CV-1815-G, 2012 WL 3204974, at *2 (N.D. Tex. July 18, 2012) (finding that the Johnson County Law Enforcement Center was not a separate legal entity having jural authority), rec. adopted, 2012 WL 3222239 (Aug. 8, 2012); *Tamez v. Nueces County Jail*, No. 3:06-CV-255-N, 2006 WL 2583376, at *2 (N.D. Tex. Aug. 31, 2006) (finding that the plaintiff failed to show that the Johnson County Jail had ever been granted the capacity to sue or be sued);

*Buckley v. Dallas County*, No. 3:97-CV-1649-G, 1999 WL 222380, at *2 (N.D. Tex. Apr. 13, 1999) (citing *Whitehead v. Johnson County Law Enforcement Center*, No. 3:95-CV-2118-G, at 2 (N.D. Tex. Mar. 27, 1996 (holding that Johnson County has not granted the Johnson County Law Enforcement Center the capacity to engage in separate litigation)).  The claims against this defendant should therefore be dismissed.[3]

## B.    Access to Law Library

Plaintiff complains that the Johnson County Law Enforcement Center has no law library.

Prisoners have a constitutionally recognized right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).[4]  This right "'is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.'"  *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir.1993) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1979)).  It is also an "aspect of the First Amendment right to petition the government for grievances."  *Id.* at 820-21.  The right includes either "adequate law libraries or adequate assistance from persons trained in the law" *Bounds,* 430 U.S. at 828.   The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an

---

[3]  Plaintiff was specifically advised that the Johnson County Law Enforcement Center was a non-jural entity, and he was given the opportunity to name another defendant.  (*See* doc. 11 at 6.)

[4]  *See also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access).[5] The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353–54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id.* at 416 (internal quotation marks omitted).

A plaintiff represented by court-appointed counsel has no constitutional right of access to a law library. *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996)("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

---

[5] *See also Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that a prisoner cannot prevail on an access-to-the-courts claim without proof of actual injury )); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that a plaintiff must show prejudice to his position as a litigant)(citations omitted).

libraries *or* adequate assistance from persons trained in the law") (citation omitted); *see also*

*Caraballo v. Fed. Bureau of Prisons,* 124 F. App'x 284, 285 (5th Cir. 2005) (holding that

because plaintiff had court-appointed counsel, he had no constitutional right of access to the law

library to help prepare his defense, and therefore failed to state a claim upon which relief may be

granted).

 According to Plaintiff, an attorney was appointed to represent him in the criminal case

for which he was being detained. (doc. 11 at 4-5, 11.)  The lack of a law library did not violate

his right of access to court while he was represented by counsel.  Moreover, he has also wholly

failed to allege any specific harm.  (*See id.*)  He has not identified any motions that he was

unable to file or any nonfrivolous claim that he was unable to pursue.  He has failed to allege any

facts that amount to a denial of his constitutional right to access to courts that hindered his ability

to file a nonfrivolous claim. He has failed to state a plausible claim that he was denied access to

the courts.

## C. <u>Legal Mail</u>

 Plaintiff sues Officer Milam in both her individual and official capacities because when

she delivered his legal mail to him, it had been opened.  (*See* doc. 9 at 3-4; doc. 13 at 1-2.)

### *1. Individual Capacity*

 This claim implicates Plaintiff's constitutional rights of access to the courts and free

speech under the First Amendment. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th

Cir.1993); *Brewer*, 3 F.3d at 820-21.  As previously discussed, Plaintiff must allege that his

position as a litigant was prejudiced to state a claim for denial of access to the courts.  *Walker*, 4

F.3d at 413 (citing *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988

(1992)); *Jones v. Mail Room Staff*, 74 Fed. App'x 418, 419 (5th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996)); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access).  He has failed to allege any facts to show that his position as a litigant was  prejudiced in any way because his mail had been opened.  With regard to any free speech claim, jails have a legitimate security interest in opening and inspecting mail for contraband. *Walker*, 4 F.3d at 413 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413–414 (1989); *Jones*, 74 Fed. App'x at 419.

Because he has only asserted that his legal mail was opened without his consent, he has failed to state a cognizable constitutional claim under the First Amendment for denial of access to the courts or denial of free speech.  *See Walker*, 4 F.3d at 413; *Brewer*, 3 F.3d at 825; *Jones*, 74 Fed. App'x at 419; *see also Lohman v. Ellis County Jail*, No. 3:12-CV-5285-P, 2013 WL 1148603, at *2–3 (N.D.Tex. Mar. 4, 2013) (finding no constitutional violation based on allegation that an officer at the Ellis County Jail opened the plaintiff's legal mail).

### 2.    *Official Capacity*

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  A suit against Officer Milam in her official capacity is therefore a suit against her employer, Johnson County.  *Kentucky*, 473 U.S. at 165. Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008).[6]  Section 1983 does not

---

[6] The municipal liability analysis also applies to Texas counties.  *See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n. 3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend County*, 145 F.3d 691 (5th  Cir. 1998).

allow a municipality to be held vicariously liable for their employees' actions on a theory of respondeat superior, however. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Plaintiffs must show an "underlying claim of a violation of rights,"as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).

Here, because Plaintiff has failed to allege a violation of his constitutional rights based on the opening of his legal mail, his official capacity claim against Officer Milam fails for the same reason as his individual capacity claim against her.

**D.**   **Medical Care**

Plaintiff sues Nurse S. East in her individual and official capacities for denial of adequate medical care. (*See* doc. 11 at 1; doc. 13 at 3-4.) He previously also named Nurse Fuller as a defendant but subsequently claimed that he did not intend to sue her. (*See* doc. 10 at 3-4; doc. 13 at 5.)

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[7] Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such

---

[7] A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

that the act or omission results in the denial of "the minimal civilized measure of life's neces-sities" and (2) the official had a culpable state of mind.  *Id.* at 834 (citations omitted).  The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate."  *Farmer*, 511 U.S. at 828.  This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions.  *Id.* at 835.  An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

This state of mind "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs."  *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Here, Plaintiff alleges that Nurse East denied him access to a psychiatrist despite his repeated requests and allegations that his medication was not working.  (doc. 10 at 3-4; doc. 13 at 3-4.)  His claim is based on his disagreement with the type and frequency of medical treatment that he received for his depression.  (doc. 11 at 1.)   This is insufficient to establish an unconstitutional denial of medical care.  *See Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir.

1997). Plaintiff does not allege that the nurses refused to treat him or showed a wanton disregard for his medical needs.  In fact, his medical requests show that he did receive medical care, and that jail personnel sought more information from him about his medical needs, requested  his medical records from his prior treatment provider, had his medical chart and medications reviewed, and scheduled an appointment for him with a doctor. (*Id.* at 9, 11-15.)  At best, he has alleged a delay in getting him in to see a doctor.

A delay in providing Plaintiff medical care is a constitutional violation only if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Plaintiff has not alleged that as a result of any delay in medical care, there was substantial harm done to him.  His allegations about the actions of the nurses are not sufficient to state a violation of his constitutional rights. *See Lee v. Richland Parish Detention Center* 483 Fed. App'x 904, *1 (5th Cir. July 18, 2012) (holding that delays in administering medicine do not amount to a constitutional violation where there is no evidence that the defendants "delayed or refused medical treatment with subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn"), *citing Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996); *Morrow v. Harris County Jail*, 2006 WL 1295647, *2 (S.D. Tex. May 11, 2006) (holding that medical staff were not deliberately indifferent when, after the plaintiff fell at the jail, he was given Tylenol for pain, but never saw a doctor until he was transferred to prison a month later, where there was no evidence that the delay resulted in substantial harm).  Plaintiff has not alleged a cognizable constitutional cause of action against either nurse with respect to his medical care, and his medical care claims should be dismissed.[8]

---

[8] Because Plaintiff has failed to allege a constitutional violation based on the alleged denial of medical care, any official capacity claims against the nurses fail for the same reason.  *See Cox*, 430 F.3d at 748.

## IV.  RECOMMENDATION

All of Plaintiff's claims should be **DISMISSED WITH PREJUDICE** as frivolous under

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior

occasion" within the meaning 28 U.S.C. § 1915(g).[9]

**SIGNED this 10th day of February, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties
in the manner provided by law.  Any party who objects to any part of these findings, conclusions
and recommendation must file specific written objections within 14 days after being served with
a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection
must identify the specific finding or recommendation to which objection is made, state the basis
for the objection, and specify the place in the magistrate judge's findings, conclusions and
recommendation where the disputed determination is found.  An objection that merely
incorporates by reference or refers to the briefing before the magistrate judge is not specific.
Failure to file specific written objections will bar the aggrieved party from appealing the factual
findings and legal conclusions of the magistrate judge that are accepted or adopted by the district
court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79
F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[9]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding
> under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious physical injury.